# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RICHARD BRETT FREDERKING, | § | |
| *Plaintiff*, | § § § | |
| v. | § | Civil Action No. SA-17-CV-651-XR |
| THE CINCINNATI INSURANCE COMPANY, INC., | § § § § | |
| *Defendant*. | § | |

**ORDER**

On this date, the Court considered the status of the above captioned-case. After careful consideration, the Court hereby DENIES Plaintiff's Motion for Reconsideration. Docket no. 28.

On March 27, 2018, this Court granted Defendant's motion for summary judgment and denied Plaintiff's counter-motion for summary judgment. Docket no. 25. This Court held that the insurance policy at issue does not afford coverage for the punitive damages award attributed to Sanchez's gross negligence.

Plaintiff seeks reconsideration of this Court's Order. The Court recognizes this is a difficult case. Mr. Frederking was injured when his vehicle was struck by an intoxicated driver, Carlos Xavier Sanchez. A trial was held in state court. That jury found that Mr. Sanchez was grossly negligent and awarded Mr. Frederking $207,550 in punitive damages plus interest.[1] The issue, however, is whether the policy held by Sanchez's employer covers this punitive damages award.

---

[1] The actual and compensatory awards made by the jury have been paid by the insured and are not an issue in this case.

1

Defendant is only required to indemnify an insured for an "accident" or "occurrence."[2] Sanchez's conduct of driving while intoxicated, found to be grossly negligent in the underlying lawsuit, resulted in a car collision with Plaintiff in which Plaintiff was injured. Plaintiff argues in his motion for reconsideration that Sanchez's decision to drink and drive may have been deliberate, but the harm he caused was dependent on further negligence and was thus caused by an accident.

Mr. Frederking relies upon *Tanner v. Nationwide Mut. Fire Ins. Co.*, 289 S.W.3d 828 (Tex. 2009). In that case Mr. Gibbons fled from police, drove at excessively high speeds, and collided with the Tanners. The Texas Supreme Court reviewed an exclusion[3] in Gibbons' insurance policy and determined that the insurer did not establish as a matter of law that its insured intentionally caused the family's injuries. The Texas Supreme Court also stated: "At the outset, however, we emphasize this critical point: 'intentionally' as used in the exclusion speaks to the resulting damage or injury, not to the actions that led to it. That is, the language is effect-focused and not cause-focused, voiding coverage when the resulting injury was intentional, not merely when the insured's conduct was intentional. A contrary reading of the exclusion—that reckless acts absent deliberate injury are sufficient to forfeit coverage—'would render insurance coverage illusory for many of the things for which insureds commonly purchase insurance.'" *Tanner*, 289 S.W.3d at 831.

In this case, however, we are not interpreting an exclusion. The Court must decide whether the policy as written provides coverage for punitive damages awarded in the underlying

---

[2] "Occurrence" under the policy means: a. An accident, including continuous or repeated exposure to substantially the same general harmful conditions, that results in "bodily injury" or "property damage" . . . .

[3] The exclusion in *Tanner* reads as follows: "Property damage or bodily injury caused intentionally by or at the direction of an insured, including willful acts the result of which the insured knows or ought to know will follow from the insured's conduct."

lawsuit. Thus, the analysis in *Tanner* related to a specific policy exclusion that is not included in the insurance policy at issue here, and does not guide this Court in applying Texas law to this case.

This Court initially concluded that Sanchez's collision with Mr. Frederking and Frederking's resulting injuries were the natural and expected result of a driver operating a vehicle while intoxicated. "An accident is generally understood to be a fortuitous, unexpected, and unintended event." *Lamar Homes, Inc. v. Mid–Continent Cas. Co.*, 242 S.W.3d 1, 8 (Tex. 2007). "[A] deliberate act, performed negligently, is an accident if the effect is not the intended or expected result; that is, the result would have been different had the deliberate act been performed correctly." *Bishop v. USAA Texas Lloyd's Co.*, No. 09-14-00445-CV, 2016 WL 423564, at *2 (Tex. App. Feb. 4, 2016).

In the underlying lawsuit, the jury concluded that Sanchez acted with gross negligence, which required the jury to find that Sanchez had "actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others." TEX. CIV. PRAC. & REM. CODE § 41.001(11). The Court has been unable to locate a case that involves facts similar to this case. Although the Court concedes that other cases with differing facts have reached an opposite result, the Court remains convinced that Sanchez's grossly negligent conduct required actual, subjective awareness of the risks involved, and is not an "accident" under the terms of the policy. The Court further remains convinced that Sanchez's conduct cannot be held to be an "accident" under the policy because Plaintiff fails to show that the result "would have been different" had the deliberate act—the act of driving while intoxicated—been performed correctly.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration (Docket no. 28) is hereby DENIED.

It is so ORDERED.

SIGNED this 31st day of May, 2018.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE